IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSHUA RYAN SMITH, #293 647, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-955-WHA |
| ) | [WO] |
| ALAN SYLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Alabama Therapeutic Education Facility in Columbiana, Alabama, brings this 42 U.S.C. § 1983 action challenging the conditions of confinement to which he was subjected during his incarceration at the Covington County Jail. Plaintiff names as defendants Covington County, Alan Syler, and Sheriff Dennis Meeks. Upon review, the court concludes that Defendant Covington County is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

## **I. DISCUSSION**

Plaintiff names Covington County as a defendant. Section 1983 imposes liability on a municipality such as Covington County only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Additionally, governmental entities such as Covington County cannot

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under 19§83."). Nor may a county be held liable under § 1983 simply because it employs a tortfeasor. *See Monell,* 436 U.S. at 691.

In this case, other than naming Covington County as defendant, Plaintiff makes no allegations against this entity.[2]  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam). Consequently, Plaintiff's claims against Covington County are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendant Covington County be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendant Covington County be TERMINATED as a party to the amended complaint;

3. This case with respect to the remaining defendants be referred to the undersigned for further proceedings.

---

[2] The court also notes that neither a county commission nor its individual members are responsible for the day-to-day operation of a jail. Under Alabama law, "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt v. Jefferson County, Ala*., 137 F.3d 1285, 1288 (11th Cir. 1998). "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id*. at 1291.

It is ORDERED that **on or before January 23, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 9th day of January 2019.

/s/      Charles S. Coody
UNITED STATES MAGISTRATE JUDGE