IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSHUA RYAN SMITH, #293 647,      )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   CIVIL ACTION NO. 2:18-CV-955-WHA
                                  )               [WO]
ALAN SYLER, *et al.*,             )
                                  )
        Defendants.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this 42 U.S.C. § 1983 action on November 9, 2018. When he filed suit,

Plaintiff was incarcerated at the Alabama Therapeutic Education Facility in Columbiana, Alabama.

On January 9, 2019, the court entered an order of procedure directing Defendants to file an answer

and special report. Doc. 14.  The order also instructed Plaintiff to immediately inform the court of

any new address. *Id.* at 3, ¶ 8  ("Plaintiff shall immediately inform the court and Defendants or

Defendants' counsel of record of any change in his address. . . .  Failure to provide a correct address

to this court within ten (10) days following any change of address will result in the dismissal of

this action.).

On March 15, 2019, Plaintiff's copy of an order entered March 6, 2019, was returned to

the court marked as undeliverable because he was not at the last address he provided for service.

Accordingly, an order was entered on March 18, 2019, requiring that by March 28, 2019, Plaintiff

file with the court a current address and/or show cause why this case should not be dismissed for

his failure to adequately prosecute this action. Doc. 24.  This order specifically advised Plaintiff

this case could not proceed if his whereabouts remained unknown and cautioned him his failure to

comply with its directives would result in the dismissal of this case. *Id.* Plaintiff's copy of the March 18 order was returned to the court on March 28, 2019, marked as undeliverable.

The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and to prosecute this action.

It is

ORDERED that on or before **April 16, 2019**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders,*

*Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 2nd day of April 2019.


  /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE